## CIRCUIT COURT OF CHESTERFIELD COUNTY

Rose

v.

Chesterfield County

May 26, 1989

Case No. (Law) 437-84

By JUDGE HERBERT C. GILL, JR.

Plaintiff contends that the Assessor's Office failed to provide proper notice of reassessment pursuant to former Section 58-792.01, as amended (1983 Cum. Supp.) and exceeded statutory authority in regard to the correction of an erroneous assessment pursuant to former Section 58-1153, whereby said reassessment is without authority. The County argues that the reassessment was proper pursuant to former Section 58-1142 and/or former Section 58-1164 of the Virginia Code and notes that plaintiff failed to provide notice of the change in acreage as required by former Section 58-769.8.

In 1977, plaintiff, owner of 38.58 acres, applied for a special land use assessment pursuant to Article IV, Title 8 of the Chesterfield Code. The application was approved. In November of 1981, plaintiff sold six acres. Plaintiff was assessed under the special land use for tax years 1982 and 1983.

In mid year of 1983, plaintiff reapplied for the special land use assessment in regard to the remaining 32.58 acres. The Assessor's Office approved the application and issued a supplemental assessment for tax years 1982 and 1983. The supplemental assessment was based on fair market value and required payment for the difference of

the previous assessment pursuant to the special land use and assessment based upon fair market value.

Upon consideration of the memoranda submitted, plaintiff's petition is denied. The County Attorney is directed to draft an order in accordance with this opinion.

The Assessor's Office properly issued the 1983 supplemental assessment for tax years 1982 and 1983. Plaintiff failed to reapply for the special use permit as required by former Section 58-769.8 of the Virginia Code. Compliance with the notice provision in former Section 58-769.8 precedes and is a condition of the continuation of the special use assessment rate. Former Section 58-769.8 provides:

> Continuation of valuation, assessment and taxation under an ordinance adopted pursuant to this Article shall depend on continuance of the real estate in the use for which classification is granted, continued payment of taxes as referred to in Section 58-769.8:1, and compliance with the other requirements of this Article and the ordinance and not upon continuance in the same owner of title to the land.

The Assessor's Office improperly determined plaintiff's taxation in 1982 and in 1983 not due to a mistake as addressed by former Section 58-1153 or a clerical error as addressed in former Section 58-1142. The "error" was committed by the taxpayer through her failure to notify the assessor's office of the change in acreage. The Assessor's Office did not erroneously assess plaintiff's tax pursuant to a mistake, clerical or otherwise.

The Assessor's Office properly issued the supplemental assessment pursuant to former Section 58-1164 of the Virginia Code, which provides:

> If the Commissioner of the Revenue of any county or city or the tax-asessing officer of any town ascertain that any person or property subject to local taxation or any local license tax has not been assessed for any year of the three years last past or that the same has been assessed at less than the law required for any one or

more of such years, or that the levies or taxes for any cause have not been realized, the Commissioner of Revenue or other assessing officer shall list and assess the same with levies or taxes at the rate or rates prescribed for that year . . .

The supplemental assessment was issued in 1983 for tax years 1982 and 1983. Therefore, the assessment addressed the taxes owed within the three year period prescribed by statute.

The sole "error" committed by the Assessor's Office was citing former Section 58-1142 as authority for the reassessment. Such an error does not undermine the statutory authority granted by former Section 58-1164.